**PATTI & PATTI, LLC**
Jeffrey M. Patti, Esq. (#050201998)
255 Woodport Road
Sparta, New Jersey 07871
(973) 729-5040
Attorneys for Plaintiff

In the United States District Court
For the District of New Jersey

| | | |
|---|---|---|
| _____ : | | |
| RON DOE (a pseudonym), | : | Case No.: |
| | : | |
| Plaintiff, | : | |
| | : | *Civil Action* |
| v. | : | |
| | : | |
| RICHARD BURNADZ #9124, C.R. | : | COMPLAINT AND JURY |
| GANO #8434, N.S. PARISI #8644, | : | DEMAND FOR TRIAL |
| COLONEL PATRICK J CALLAHAN, | : | |
| John Doe 1-10 (a fictitious name), Jane Roe | : | |
| Supervising Officer 1-10 (a fictitious name), | : | |
| | : | |
| Defendants. | : | |
| _____ : | | |

Plaintiff RON DOE, by his attorneys, Patti & Patti, LLC, by way of complaint against the

Defendants, states and alleges as follows:

PARTIES

1.      Plaintiff RON DOE (a pseudonym) is a citizen of the United States and an

individual who presently resides in Bloomsbury Borough, County of Hunterdon, and State of

New Jersey.

2.      Defendant Richard Burnadz #9124 ("Defendant Burnadz") was at all times

relevant herein a State Trooper in the New Jersey State Police, and responsible for upholding and

enforcing the law and maintaining the peace of communities within his jurisdiction including

1

Bloomsbury Borough, Hunterdon County, New Jersey, and was at all times relevant herein an arresting officer. He is sued individually.

3.      Defendant C.R. Gano #8434 ("Defendant Gano") was at all times relevant herein a State Trooper in the New Jersey State Police, and responsible for upholding and enforcing the law and maintaining the peace of communities within his jurisdiction including Bloomsbury Borough, Hunterdon County, New Jersey, and was at all times relevant herein an arresting officer. He is sued individually.

4.      Defendant N.S. Parisi #8644 ("Defendant Parisi") was at all times relevant herein a State Trooper in the New Jersey State Police, and responsible for upholding and enforcing the law and maintaining the peace of communities within his jurisdiction including Bloomsbury Borough, Hunterdon County, New Jersey, and was at all times relevant herein an arresting officer. He is sued individually and in his official capacity.

5.      Defendant Colonel Patrick J. Callahan ("Defendant Callahan") was at all times relevant herein the Superintendent of the New Jersey State Police and was responsible for upholding and enforcing the law and maintaining the peace of communities throughout the State of New Jersey and was responsible for supervising and training subordinate officers and was also responsible for creating and implementing policy statements, ordinances, regulations, official decisions and well settled customs and practices. He is sued individually.

6.      Defendant John Doe 1-10 are fictitious persons/law enforcement officers whose identity is unknown at this time, and at all times relevant hereto were responsible for the investigation and/or enforcement of the laws within the Borough of Bloomsbury, Hunterdon County and/or may have been responsible, directly and/or indirectly, for the injuries sustained by

Plaintiff.  At such time as their identity becomes known, this complaint will be amended to name the known person(s). They are sued individually.

7.      Defendant Jane Roe Supervising Officer 1-10 are fictitious persons/law enforcement officers whose identity is unknown at this time and were at all times relevant hereto Troopers and/or officers in the New Jersey State Police, and/or other law enforcement agencies and responsible for upholding and enforcing the law and maintaining the peace in Bloomsbury Borough, Hunterdon County, and were also responsible for supervising and training subordinate officers and were also responsible for creating and implementing policy statements, ordinances, regulations, official decisions and well settled customs and practices. They are sued individually.

8.      At all times relevant, Defendants acted under the color of state law, in the course and scope of their duties, and incident to the pursuit of their duties as officers in engaging in the conduct described herein.

9.      The individually named state troopers who were involved in the sexual abuse of Plaintiff and the violation of his constitutional rights are at times referred to collectively herein as the "Assaulting Defendants."

10.      This Complaint alleges that Defendants, by virtue of their wrongful conduct, are liable to Plaintiff jointly and severally for actual damages, attorney fees, and punitive damages as the Court sees fit.

<u>JURISDICTION AND VENUE</u>

11.      This action arises under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, § 1985, § 1988, the New Jersey State Constitution, the New Jersey Civil Rights Act, <u>N.J.S.A.</u> §§ 10:6-1 et seq., as well as the New Jersey Torts Claim Act, <u>N.J.S.A.</u> 59:1-1, et. seq., and common law.

12.    The Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331, as an action arising under the Constitution of the United States, and 28 U.S.C. §1343(a)(3), to redress the deprivation, under color of State law, of rights secured by the Constitution of the United States and over Plaintiff's pendent State law claims pursuant to 28 U.S.C. §1367.

13.    Furthermore, this Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

14.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as the acts complained of occurred in this district or is the district in which the parties reside.

<u>FACTUAL ALLEGATIONS</u>

15.    On October 23, 2023, a 911 call was made concerning a domestic issue between Plaintiff and his fiancée resulting in Defendants Burnadz, Gano, Parisi, and John Doe 1-10 being dispatched to Plaintiff's and his fiancée's residence in Bloomsbury Borough, Hunterdon County, State of New Jersey.

16.    In the early morning hours on October 23, 2023, Defendants Burnadz, Gano, Paris, and John Doe 1-10 arrived at Plaintiff's residence.

17.    Upon entering Plaintiff's residence, Defendants Burnadz, Gano, Parisi, and John Doe 1-10 injected Plaintiff's buttocks with a needle containing an unknown drug, incapacitating him and rendering him defenseless.

18.    While Plaintiff was incapacitated and defenseless, Defendants Burnadz, Gano, Parisi, and John Doe 1-10 took turns groping Plaintiff's genitals and penetrating his rectum with their penises.

4

19.     After Defendants Burnadz, Gano, Parisi, and John Doe 1-10 finished their brutal sexual assault of Plaintiff inside his residence, they hand cuffed him and walked him outside, where he was sexually assaulted rectally again.

20.     Plaintiff, still hand cuffed, was then placed in the back of a trooper vehicle and transported to hotel in Philipsburg, New Jersey.

21.     Upon arrival at the hotel/motel, Plaintiff exited the trooper vehicle and was surrounded by the Defendants and was again injected with an unknown substance incapacitating him and left there.

22.     Defendants Burnadz, Gano, Parisi, and John Doe 1-10, participated in unlawful, unprovoked, brutal, gang-like sexual assaults on Plaintiff.

23.     Defendants Burnadz, Gano, Parisi, and John Doe 1-10 took turns repeatedly penetrating Plaintiff in his rectum forcefully and without his consent, after incapacitating him.

24.     As described above, Defendants subjected Plaintiff to cruel, unusual, inhumane, and degrading treatment.

25.     As described above, Defendants consciously disregarded and were deliberately indifferent to Plaintiff's safety and well-being.

26.     Defendants Burnadz, Gano, Parisi, and John Doe 1-10 subjected Plaintiff to unlawful, unjustified, excessive force, and unnecessary and wanton infliction of pain.

27.     At no point during the time period mentioned herein did Plaintiff resist or disobey any lawful or unlawful command of a Defendants as he was incapacitated.

28.     Defendants Burnadz, Gano, Parisi, and John Doe 1-10 actions were malicious, depraved, criminal, and served no legitimate law enforcement interest.

29.    Defendants Burnadz, Gano, Parisi, and John Doe 1-10 not only participated in and/or observed the brutal sexual assaults, but they also failed to intervene to prevent the unlawful and unjustified sexual assaults upon Plaintiff and entered into a conspiracy and an agreement to conceal it.

30.    None of Defendants or their immediate supervisors, Jane Roe 1-10, reported what they did, saw and heard. Instead, these Defendants engaged in a cover up.

31.    None of these Defendants intervened to protect Plaintiff despite the sexual assault lasting for approximately twenty minutes.

32.    Plaintiff presented to the hospital for medical treatment concerning the sexual assaults including completing a rape kit.

<u>COUNT I</u>
(Excessive Force 42 U.S.C. § 1983)
(Fourth & Fourteenth Amendments & Common Law)

33.    Plaintiff adopts and re-alleges the allegations set forth above as though fully set forth herein.

34.    On October 23, 2023, Defendants Burnadz, Gano, Parisi, and John Doe 1-10 repeatedly attacked Plaintiff in gang-like sexual assaults. They forcefully, without consent, after incapacitating him, penetrated him rectally and fondled/manipulated his genitals.

35.    Defendants Burnadz, Gano, Parisi, and John Doe 1-10 under color of law, used unlawful and unreasonable physical force on Plaintiff without provocation, legal cause, or justification, and with purposeful and malicious intent to cause Plaintiff harm.

36.    Defendants Burnadz, Gano, Parisi, and John Doe 1-10 negligent, careless, reckless, and intentional act of conspiring with each other to use unlawful and excessive force

6

and their failure to intervene and prevent the unlawful and unreasonable use of force showed deliberate indifference for Plaintiff's safety.

37.     The conduct of Defendants Burnadz, Gano, Parisi, and John Doe 1-10 constituted excessive force in violation of the United States and New Jersey Constitutions.

38.     The actions of Defendants Burnadz, Gano, Parisi, and John Doe 1-10 were objectively unreasonable and were undertaken negligently, intentionally, and with malice, depravity, willfulness, and reckless indifference to Plaintiff's constitutional rights.

39.     By their conduct, Defendants Burnadz, Gano, Parisi, and John Doe 1-10 deprived Plaintiff of his right to be free from malicious, sadistic, excessive, and unreasonable force under the Fourth and Fourteenth Amendment of the United States Constitution, and under the New Jersey Civil Rights Act.

40.     As a direct and proximate result of Defendants Burnadz, Gano, Parisi, and John Doe 1-10 unlawful, unjustified, purposeful, and unreasonable use of excessive force, Plaintiff has been injured and continues to be injured in that he was deprived of his Constitutional rights and was caused and continues to be caused severe physical, mental, and emotional trauma and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants for (1) compensatory damages; (2) punitive damages; (3) costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and (4) such other relief as this court deems just and proper.

## COUNT II
### (Common Law Assault and Battery)

41.     Plaintiff adopts and re-alleges the allegations set forth above as though fully set forth herein.

7

42.    By physically assaulting Plaintiff, Defendants Burnadz, Gano, Parisi, and John Doe 1-10, acting in their individual capacities as employees of the State of New Jersey, and within the scope of their employment, committed unlawful, unwarranted, purposeful, and reckless assaults and battery upon Plaintiff.

43.    Defendants Burnadz, Gano, Parisi, and John Doe 1-10, acting under the color of law, did intimidate, assault, batter, and repeatedly sexually assault Plaintiff with purposeful and malicious intent to cause Plaintiff harm.

44.    By assaulting and intimidating Plaintiff, Defendants Burnadz, Gano, Parisi, and John Doe 1-10, intended to put him in a reasonable and immediate apprehension of such contact and did in fact put Plaintiff in immediate apprehension of a harmful or offensive contact with his body.

45.    The actions of Defendants Burnadz, Gano, Parisi, and John Doe 1-10 constituted offensive physical contact made without Plaintiff's consent.

46.    The actions of Defendants Burnadz, Gano, Parisi, and John Doe 1-10 were undertaken recklessly, purposefully, willfully, wantonly, and intentionally.

47.    As a direct and proximate result of Defendants Burnadz, Gano, Parisi, and John Doe 1-10 unlawful, unwarranted, assault and battery, and their misconduct and abuse of authority detailed above, Plaintiff has been injured and continues to be injured in that he was deprived of his Constitutional rights and was caused and continues to be caused severe physical, mental, and emotional trauma and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants for (1) compensatory damages; (2) punitive damages; (3) costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and (4) such other relief as this court deems just and proper.

<u>COUNT III</u>
(False Imprisonment – 42 U.S.C. § 1983 and Common Law)

49.     Plaintiff adopts and re-alleges the allegations set forth above as though fully set forth herein.

50.     Defendants Burnadz, Gano, Parisi, and John Doe 1-10 acting in their individual capacities as employees of the State of New Jersey, and within the scope of their employment, unlawfully imprisoned Plaintiff, who was innocent of any wrongdoing, when they injected him with an unknown drug, incapacitating him and rendering him defenseless.

51.     By their unlawful conduct, Defendants Burnadz, Gano, Parisi, and John Doe 1-10, under color of state law, deprived Plaintiff of his right to life and liberty without due process under the Fourth and Fourteenth Amendment to the United States Constitution, and under New Jersey State Law, including <u>N.J.A.C.</u> 10A:5-7.1.

52.     Defendants Burnadz, Gano, Parisi, and John Doe 1-10 had a duty to prevent the unlawful confinement and depravation of liberty imposed on Plaintiff but failed to do so. Instead, Defendants Burnadz, Gano, Parisi, and John Doe 1-10 conspired with each other to lie, fabricate evidence, and falsify official reports relating to the operations report the night of the gruesome incident.

53.     Defendants Burnadz, Gano, Parisi, and John Doe 1-10 are liable for their failure to take any reasonable steps to protect Plaintiff from the illegal confinement and deprivation of his right to life and liberty without due process, despite having ample evidence, time, and opportunity to do so.

54.     The unlawful confinement of Plaintiff was the act of Defendants Burnadz, Gano, Parisi, and John Doe 1-10 jointly, and therefore they are jointly and severally liable for damages to Plaintiff.

55. In all the foregoing, Defendants Burnadz, Gano, Parisi, and John Doe 1-10 acted with purposeful, careless, reckless, callous, and deliberate indifference to Plaintiff's constitutionally protected rights.

56. By their unlawful conduct and abuse of authority, Defendants Burnadz, Gano, Parisi, and John Doe 1-10, under color of law, deprived Plaintiff of his right to life and liberty without due process of law.

57. By their conduct, Defendants Burnadz, Gano, Parisi, and John Doe 1-10, under color of law, deprived Plaintiff of his right to be free from unreasonable seizure under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as under common law.

58. As a direct and proximate result of Defendants Burnadz, Gano, Parisi, and John Doe 1-10 misconduct and abuse of authority detailed above, Plaintiff has been injured and continues to be injured in that he was deprived of his Constitutional rights and was caused and continues to be caused severe physical, mental, and emotional trauma and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants for (1) compensatory damages; (2) punitive damages; (3) costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and (4) such other relief as this court deems just and proper.

<u>COUNT IV</u>
(Conspiracy 42 U.S.C. § 1983 & Common Law)

59. Plaintiff adopts and re-alleges the allegations set forth above as though fully set forth herein.

60. In a massive conspiracy to cover up the true nature of the vicious assaults on Plaintiff, Defendants Burnadz, Gano, Parisi, John Doe 1-10 and Jane Roe Supervisor 1-10 contrived a story to conceal what had happened and their involvement, repeatedly lied in New

Jersey State Police records, lied to investigators, attempted to coerce witnesses, and medical personnel to fabricate, alter, delete, change, and/or destroy incident reports and/or medical records.

61.    Defendants Burnadz, Gano, Parisi, John Doe 1-10 and Jane Roe Supervisor 1-10 engaged in a conspiracy to commit the horrific sexual abuse upon Plaintiff and to cover up the true nature of the brutal sexual assaults on Plaintiff.

62.    Following the severe sexual assaults on Plaintiff, and in an attempt to cover up and/or conceal the unlawful conduct complained of herein, Defendants Burnadz, Gano, Parisi, John Doe 1-10 and Jane Roe Supervisor 1-10, acting individually and/or in concert and conspiracy with one another, all intentionally failed to report and/or misrepresented the events leading up to and during Defendants Burnadz, Gano, Parisi, and John Doe 1-10 unlawful, unjustified and unreasonable use of excessive force during the subject physical sexual assaults, each parties' involvement in same, and the catastrophic injuries to Plaintiff as a result of the brutal assaults.

63.    In an attempt to cover up and/or conceal the unlawful conduct complained of herein, Defendants Burnadz, Gano, Parisi, John Doe 1-10 and Jane Roe Supervisor 1-10, acting individually and/or in concert and conspiracy with one another, drafted, executed and filed knowingly false statements and reports wherein these Defendants and their supervisors intentionally omitted the facts surrounding the incident of the brutal sexual assaults on Plaintiff.

64.    Defendants took specific and intentional action to cover-up their unlawful conduct, including but not limited to conspiring to create a false narrative of what transpired, knowingly drafting and filing false official reports, gave false statements, testimony to superiors, investigators, failed to report the incident to local, state and/or federal authorities, destroyed

physical evidence, prevented Plaintiff from retrieving the rape kit he had performed at the hospital in an effort to conceal the severe sexual abuse he endured, coerced and/or attempted to coerce medical staff to falsify records, altered and concealed evidence, and prevented others from truthfully documenting and/or photographing Plaintiff's injuries.

65.     Defendants Burnadz, Gano, Parisi, John Doe 1-10 and Jane Roe Supervisor 1-10, conspired, agreed, drafted, executed, and filed knowingly false statements and reports wherein Defendants intentionally omitted the sexual assaults perpetrated and inflicted on Plaintiff, and made other knowingly false statements about the incident in official reports, and in disciplinary and/or criminal proceedings commenced against them.

66.     Upon information and belief, as part of said conspiracy and cover-up, Defendants Burnadz, Gano, Parisi, John Doe 1-10 unlawfully either never activated or turned off their individual Body Worn Cameras or destroyed any Body Worn Camera footage captured during their visit to Plaintiff's residence the night of the brutal sexual assaults.

67.     In furtherance of their conspiracy, and despite multiple requests, Defendants Burnadz, Gano, Parisi, John Doe 1-10 and Jane Roe Supervisor 1-10 failed to turn over the investigative reports, medical records, videos, and other documents and materials related to the sexual assaults on Plaintiff.

68.     All individually named and identified Defendants as well as John Does 1-10 and Jane Roes 1-10, under color of State Law, conspired with each other, reached a mutual understanding, and acted to undertake a course of conduct to injure, oppress, psychologically torment, threaten, falsely imprison, and intimidate Plaintiff in the free exercise and enjoyment of the rights and privileges and equal protection of the law secured to him by the United States Constitution, including the rights: to be free from unlawful, unreasonable, and excessive use of

force; to be free from cruel and unusual punishment; and to be free from unnecessary and wanton infliction of pain.

69.     Defendants, as well as currently unknown John Doe Defendants, and Jane Roe Defendants, medical directors, physicians, physician assistants, nurses, nurse administrator(s), nurse practitioners, nurses's assistants, social workers, health service directors, and mental health clinicians, conspired to commit the horrific act visited upon Plaintiff, gaining knowledge of the plan and observing its occurrence, and further conspired to protect the actual officers committing the physical and psychological offenses and keep confidential the plan, conspiracy and conduct of all involved officers.

70.     As set forth above, the individually named Defendants, all acting under the color of law, willfully conspired with one another to deprive Plaintiff of his constitutional rights, including but not limited to his right to be free from cruel and unusual punishment; to be free from the use of unreasonable excessive force; to be free from harassment and intimidation to be free from reprisal for exercising his First Amendment rights; to be free from malicious and retaliatory attacks; to be free from conduct intended to chill his speech; to be free from unlawful confinement/imprisonment; to be free from false subversive statements and proceedings designed to cover up the misconduct of others; to equal protection of the law; to associate and speak freely; and to have access to and seek redress in the courts.

71.     In complicity with said conspiracy, each Defendant acting in their own self-interest to avoid criminal prosecution, civil liability and/or employment-related disciplinary proceedings, submitted false reports and/or statements to cover up the true nature of the brutal sexual assaults against Plaintiff, or was aware that a subordinate or peer submitted a false report and/or statement and failed to report same.

72.     Defendants had knowledge that a 42 U.S.C. § 1983 Conspiracy was in progress, had the power to prevent or aid in preventing the conspiracy from continuing, and neglected or refused to do so. With due diligence, Defendants could have promptly reported the subject events to superiors and to duly authorized investigators. Their failure to do so allowed the conspiracy to continue, evidence to be destroyed, and the truth suppressed.

73.     Defendants took numerous overt steps in furtherance of such conspiracy, as set forth above.

74.     As a result of said conspiracy and/or Defendants' furtherance of the conspiracy, Defendants deprived Plaintiff of the rights and privileges afford by the Constitution of the United States of America.

75.     As a direct and proximate result of Defendants' misconduct and abuse of authority detailed above, Plaintiff has been injured and continues to be injured in that he was deprived of his Constitutional rights and was caused and continues to be caused severe physical, mental, and emotional trauma and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants for (1) compensatory damages; (2) punitive damages; (3) costs and reasonable attorney's fees pursuant to 42 U.S.C. §1988; and (4) such other relief as this court deems just and proper.

## COUNT V
(Failure to Intervene – 42 U.S.C. §1983 & N.J.S.A. 10:6-2)

76.     Plaintiff adopts and re-alleges the allegations set forth above as though fully set forth herein.

77.     At all times alleged herein, Defendants were New Jersey State Troopers, who participated in and/or had knowledge of and failed to intervene in the excessive use of force on Plaintiff.

78.    The individually named New Jersey State Troopers were present during the physical attacks and unlawful use of excessive force on Plaintiff. All watched the brutal assault and allowed them to continue, failing to step in to protect Plaintiff.

79.    The individually named New Jersey State Troopers, and Supervisor Defendants were either personally involved and/or had actual knowledge of the sexual assaults and the cruel and unusual punishment to Plaintiff. None of these Defendants intervened to protect Plaintiff despite the gang-like sexual assault occurring for approximately twenty minutes, and then again outside while Plaintiff was handcuffed.

80.    Defendants had a duty to intervene to prevent the use of excessive force and sexual assaults, summon help, or take other precautionary measures to prevent and/or stop the brutal sexual assault and excessive use of force on Plaintiff but failed to do so.

81.    Defendants knew Plaintiff faced a serious risk of substantial harm and had a reasonable opportunity to intervene to prevent the brutal sexual assault and excessive use of force on Plaintiff but chose not to do so. Thus, they are liable for the harm he suffered.

82.    As a direct and proximate result of Defendants' misconduct and abuse of authority detailed above, Plaintiff has been injured and continues to be injured in that he was deprived of his Constitutional rights and was caused and continues to be caused severe physical, mental, and emotional trauma and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants for (1) compensatory damages; (2) punitive damages; (3) costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and (4) such other relief as this court deems just and proper.

<u>COUNT VI</u>
(42 U.S.C. §1983 Supervisor Liability)

83.    Plaintiff adopts and re-alleges the allegations set forth above as though fully set forth herein.

84.    Under the color of State law, Defendant Jane Roe Supervisor 1-10 acted with deliberate indifference to the conditions posing a substantial risk of serious harm to Plaintiff in failing to supervise Defendants Burnadz, Gano, Parisi, and John Doe 1-10, and in conspiring with them, planning, observing, gaining knowledge of and/or failing to intervene or prevent the horrific acts visited upon Plaintiff.

85.    Defendant Jane Roe Supervisor 1-10 were responsible for the training, instruction, supervision, and discipline of Defendants Burnadz, Gano, Parisi, and John Doe 1-10 who violated Plaintiff's constitutional rights in the manner described above.

86.    Defendant Jane Roe Supervisor 1-10 knew, or in the exercise of due diligence should have known, that the inappropriate, unlawful, tortious, and criminal conduct of Defendants Burnadz, Gano, Parisi, and John Doe 1-10 against Plaintiff was likely to occur.

87.    The violent sexual assaults of Plaintiff and the inhumane treatment he received are not isolated events. They are part of a pattern of incidents of similar illegal use of excessive force, inhume and illegal treatment of United States Citizens by State Law Enforcement Officers, and it is neither the first nor the last such incident that has occurred. In fact, these failures and abhorrent practices have been and are not the object of both substantial media attention and government investigation.

88.    These horrific incidents were the direct result of systemic deficiencies in the training, supervision and discipline of New Jersey State Troopers and personnel, including the individual named Defendants, that began long before the vicious sexual assault on Plaintiff and

16

continue to this day. These violations, committed by one or more agents, servants, employees, or officers of Defendants, affected an unlawful seizure and unlawful use of force upon Plaintiff.

89.    The failure of Defendant Jane Roe Supervisor 1-10 to adequately train, supervise and discipline all individually named Defendants herein amounted to gross negligence, deliberate indifference, reckless and/or intentional misconduct which directly caused the deprivations suffered by Plaintiff.

90.    As a direct and proximate result of Defendants' misconduct and abuse of authority detailed above, Plaintiff has been injured and continues to be injured in that he was deprived of his Constitutional rights and was caused and continues to be caused severe physical, mental, and emotional trauma and anguish.

WHEREFORE, Plaintiff Plaintiff demands judgment against Defendants for (1) compensatory damages; (2) punitive damages; (3) costs and reasonable attorney's fees pursuant to 42 U.S.C. §1988; and (4) such other relief as this court deems just and proper.

## COUNT VII
(Common Law Negligence)

91.    Plaintiff adopts and re-alleges the allegations set forth above as though fully set forth herein.

92.    Defendants, acting in their individual and official capacities as employees of the State of New Jersey, and within the scope of their employment, negligently injured Plaintiff.

93.    As a direct and proximate result of Defendants' misconduct and abuse of authority detailed above, Plaintiff has been injured and continues to be injured in that he was deprived of his Constitutional rights and was caused and continues to be caused severe physical, mental, and emotional trauma and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants for (1) compensatory damages; (2) punitive damages; (3) costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and (4) such other relief as this court deems just and proper.

COUNT VIII
(Negligent Hiring, Training, Supervision, and Retention)

94.     Plaintiff adopts and re-alleges the allegations set forth above as though fully set forth herein.

95.     Jane Roe Supervisor 1-10, as supervisory personnel as New Jersey State Troopers, owed a duty of care to Plaintiff to prevent the conduct alleged, which foreseeably caused his torture.

96.     Upon information and belief, Jane Roe Supervisor 1-10 as supervisory personnel as New Jersey State Troopers, acting in their individual and official capacities as employees of the State of New Jersey, and within the scope of their employment, through their negligence, recklessness and deliberate indifference in screening, hiring, training, disciplining, supervising, and retaining Defendants Burnadz, Gano, Parisi, and John Doe 1-10 proximately caused Plaintiff's sexual torture.

97.     As a direct and proximate result of Defendants' misconduct and abuse of authority detailed above, Plaintiff has been injured and continues to be injured in that he was deprived of his Constitutional rights and was caused and continues to be caused severe physical, mental, and emotional trauma and anguish.

WHEREFORE, Plaintiff Plaintiff demands judgment against Defendants for (1) compensatory damages; (2) punitive damages; (3) costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and (4) such other relief as this court deems just and proper.

<u>COUNT IX</u>
(Violation of the New Jersey Civil Rights Act – <u>N.J.S.A.</u> 10:6-2)

98.    Plaintiff adopts and re-alleges the allegations set forth above as though fully set forth herein.

99.    Defendants, under color of statute, ordinance, reputation, custom and usage have deprived and caused Plaintiff to be subjected to deprivations of rights, privileges and immunities secured by the New Jersey Constitution and law of the State of New Jersey, including his right to liberty, his right to be secure as a person against unreasonable searches and seizures, his right to be free from unlawful detention, his right to privacy, and his right to freedom of association secured to his by the New Jersey State Constitution.

100.    Defendants, acting under color of law, intentionally deprived Plaintiff of civil rights by, inter alia, using unlawful and excessive force against him, unlawful detention, failing to intervene to prevent the unlawful use of excessive force against him, conspiring and agreeing to violate his civil rights, and violating his right to privacy.

101.    Defendants' acts were done in knowing violation of Plaintiff's legal and constitutional rights and caused Plaintiff excruciating physical pain and suffering, mental pain and suffering, and emotional distress.

102.    Defendants' deprivation of Plaintiff's civil rights violates the New Jersey Constitution and gives rise to Plaintiff's claims for redress under <u>N.J.S.A.</u> 10:6-2 et. seq.

103.    Based on the aforesaid conduct, Defendants, acting under color of law, deprived, and interfered with the exercise or enjoyment by Plaintiff of the rights guaranteed to him by the New Jersey Constitution, but not limited to:

a) The right to enjoy and defend life and liberty;
b) The right to pursue and obtain safety and happiness;
c) The right to due process of law;

19

> d) The right to equal protection of the laws;
> e) The right to any other natural and unalienable right retained by the people;
> f) The right to privacy; and
> g) The right to be free of cruel and unjust punishment.

104.    As a direct and proximate result of Defendants' misconduct and abuse of authority detailed above, Plaintiff has been injured and continues to be injured in that he was deprived of his Constitutional rights and was caused and continues to be caused severe physical, mental, and emotional trauma and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants for (1) compensatory damages; (2) punitive damages; (3) costs and reasonable attorney's fees pursuant to 42 U.S.C. §1988 and N.J.S.A. 10:6-2; and (4) such other relief as this court deems just and proper.

COUNT X
(Negligent and Intentional Infliction of Emotional Distress)

105.    Plaintiff adopts and re-alleges the allegations set forth above as though fully set forth herein.

106.    When the individual Defendants brutally sexually assaulted, tortured, injured, and unlawfully detained Plaintiff, Defendants acted intentionally or recklessly with deliberate disregard of a high degree of probability that emotional distress will follow.

107.    Defendants' conduct was extreme and so outrageous in character and degree as to go beyond all possible bounds of decency. Defendants' conduct was so atrocious, it is utterly intolerable in a civilized community.

108.    As a direct and proximate result of Defendants' misconduct and abuse of authority detailed above, Plaintiff has been injured and continues to be injured in that he was deprived of his Constitutional rights and was caused and continues to be caused severe physical, mental, and emotional trauma and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants for (1) compensatory damages; (2) punitive damages; (3) costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and (4) such other relief as this court deems just and proper.

COUNT XI
(Punitive Damages)

109.    Plaintiff adopts and re-alleges the allegations set forth above as though fully set forth herein.

110.    The acts of the individually named Defendants as set forth herein, were willful, wanton, malicious and oppressive, to entitle the Plaintiff to an award of punitive damages against Defendants Officers.

**WHEREFORE,** Plaintiff respectfully prays that this Court:

a)    Assume jurisdiction over this action;

b)    Award Plaintiff actual damages, expenses and other economic losses;

c)    Award compensation damages for injury, mental anguish, and emotional distress, in an amount to be determined by the enlightened conscience of an impartial jury;

d)    Award punitive (exemplary) damages against the individual Defendants, to the extent permitted by law, and award fees and expenses;

e)    Declare that Defendants violated Plaintiff's rights under the United States Constitution;

f)    Award attorney's fees, pursuant to 42 U.S.C. §1988 and any other applicable provision(s) of State and Federal law, and costs; and,

g)    Award such other and further relief as the Court deems just and proper.

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that Jeffrey M. Patti, Esq. is hereby designated as trial counsel for the Plaintiff.

## JURY DEMAND

PLEASE TAKE NOTICE that pursuant to Fed. Rule. Civ. Pr. 38(b) Plaintiff demands a trial by jury as to all issues so triable therein.

## CERTIFICATION

Pursuant to 28 U.S.C. §1476, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

**PATTI & PATTI, LLC**
Attorneys for Plaintiff

By:    /s/ *JEFFREY M. PATTI*

Dated: March 19, 2025