In the United States District Court
For the District of New Jersey

_____
                                              :
RON DOE (a pseudonym),                        :   Case No.:   3:25-cv-01976
                                              :
    Plaintiff,                              :
                                              :
                                              :   *Civil Action*
    v.                                      :
                                              :
RICHARD BURNADZ #9124, C.R.                   :
GANO #8434, N.S. PARISI #8644,                :
COLONEL PATRICK J.                            :
CALLAHAN, John Doe 1-10                       :
(a fictitious name), Jane Roe                 :
Supervising Officer 1-10 (a fictitious        :
name),                                        :
                                              :
    Defendants.                             :
_____                :

---

**MEMORANDUM OF LAW IN SUPPORT OF NOTICE OF MOTION TO
SEAL AND TO PROCEED WITH USE OF PSEUDONYM**

---

Jeffrey M. Patti, Esq.  
Attorney ID: 05021998  
jeffrey@pattiandpatti.com  
Of Counsel and On the Brief  

**PATTI & PATTI, LLC**  
255 Woodport Road  
Sparta, New Jersey 07871  
973) 729-5040  
(973) 729-4367  

Attorneys for Plaintiff  
RON DOE

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACTS ............................................................................................ 1

LEGAL ARGUMENT .................................................................................................. 2

POINT ONE .................................................................................................................. 2

    Plaintiff Must Be Permitted to Proceed By Way of Pseudonym .................... 2

CONCLUSION ............................................................................................................. 5

# TABLE OF AUTHORITIES

Page(s)

Cases

Doe v. Coll. Of New Jersey,
    997 F.3d 489 (3d Cir. 2021) ............................................................................ 4

Doe v. Evans,
    202 F.R.D. 173, 176 (E.D. Pa. 2001) ............................................................. 3

Doe v. Megless,
    654 F.3d 404 (3d Cir. 2011) ....................................................................... 4, 5

Doe v. Provident Life and Acc. Inc. Co.,
    176 F.R.D. 464, 467 (E.D. Pa. 1997)……………………...………….. 2, 3

## PRELIMINARY STATEMENT

Plaintiff Ron Doe is seeking leave to proceed in this litigation by way of pseudonym to protect his/her identity as a victim of sexual assault by New Jersey State Troopers. Plaintiff has certified to the allegations in the Complaint that support this motion in the attached Verification for which leave is sought to file under seal. The Verification sets forth the identity of the Plaintiff whose identity is otherwise protected by the use of pseudonym.

## STATEMENT OF FACTS

For the purposes of this motion, the facts are set forth in the Complaint. Plaintiff Ron Doe was in their residence when Defendants Burnadz, Gano, Parisi and John Doe 1-10 arrived due to a 911 call regarding a domestic dispute. After entering Plaintiff's residence, Defendants Burnadz, Gano, Parisi and John Doe 1-10 injected a needle containing an unknown substance into Plaintiff's buttocks, incapacitating them and rendering them defenseless. While Plaintiff was incapacitated and defenseless, Defendants Burnadz, Gano, Parisi, and John Doe took turns groping Plaintiff's genitals and penetrating his/her rectum with their penises. After Defendants Burnadz, Gano, Parisi, and John Doe 1-10 finished their brutal sexual assault of Plaintiff inside his residence, they placed Plaintiff in hand cuffs, although no probable cause existed for any alleged offense under the New Jersey Criminal Code, walked Plaintiff outside, where he/she was sexually assaulted

1

rectally again. Plaintiff, still hand cuffed, was then placed in the back of a trooper vehicle and transported to hotel in Philipsburg, New Jersey. Upon arrival at the hotel/motel, Plaintiff exited the trooper vehicle and was surrounded by the Defendants and was again injected with an unknown substance incapacitating them and left there.

The brutal sexual assault occurred in a manner that involved significant physical and emotional harm to Plaintiff. The nature of the assault, particularly involving law enforcement officers, places Plaintiff at a substantial risk of retaliation or harm, should their identity be publicly disclosed. Furthermore, the potential for stigmatization, humiliation, emotional distress, and harm to the Plaintiff's personal life and safety necessitates taking precautionary steps in handling the case.

## LEGAL ARGUMENT
## POINT ONE

### Plaintiff Must be Permitted to Proceed By Way of Pseudonym

Courts have recognized that in certain cases, privacy interests outweigh the presumption of open judicial proceedings. Federal District Courts have long held that parties in sensitive cases have a right to protect their personal safety and privacy. In determining whether a party may proceed under a pseudonym, the public's right of access should prevail unless the party requesting pseudonymity demonstrates that his/her interests in privacy or security justify pseudonymity, <u>Doe v. Provident Life</u>

2

and Acc. Inc. Co., 176 F.R.D. 464, 467 (E.D. Pa. 1997). In cases involving allegations of police misconduct, there is an increased risk of retaliation or harm to the plaintiff, especially if the defendants have access to law enforcement resources. The Plaintiff's safety and well-being are of paramount concern in this case. The disclosure of Plaintiff's identity could expose him/her to significant harm, including but not limited to emotional distress, retaliation, and further victimization.

As such, the use of a pseudonym and sealing of the case is warranted under the balancing test articulated in relevant case law, which weighs the need for privacy against the public's right to know and the presumption of open court proceedings. Given the nature of the assault and the involvement of law enforcement, Plaintiff's interest in safeguarding his/her identity and preventing potential harm far outweighs any competing interests.

Federal District Courts have allowed the use of pseudonyms in cases involving sensitive allegations, including assault and misconduct by law enforcement officers. In Doe v. Evans, 202 F.R.D. 173, (E.D. Pa. 2001), the Court emphasized the need to balance the right to privacy with the principle of open judicial proceedings, especially when the party seeking anonymity has a legitimate reason, such as fear of retaliation or harm.

The Third Circuit has established factors favoring anonymity:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.
>
> [Doe v. Coll. Of New Jersey, 997 F.3d 489, 495 (3d Cir. 2021) (quoting Megless, 654 F.3d at 409).]

Applying these factors to the case at bar, the Court should permit Plaintiff to proceed with anonymity. First, Plaintiff has gone through great lengths to maintain confidentiality by filing the Complaint with a pseudonym to protect their identity. Next, Plaintiff has a substantial fear that this litigation could cause further physical and emotional harm if their true identity is used in public filings.

Third, there is no public interest in disclosing the identity of Ron Doe; they are not a public official. Fourth, if Ron Doe is required to disclose their identity, they will not proceed in this forum. Finally, Ron Doe has no ulterior motive as to why they seek to proceed anonymously.

The Third Circuit factors advising against anonymity include: (1) the public's interest in accessing the litigant's identities; (2) "whether", because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise,

4

there is a particularly strong interest in knowing the litigants' identities, beyond the public interest which is normally obtained"; and (3) whether opposition to anonymity is illegitimately motivated. Megless, 654 F.3d at 409. Although there is a recognized public interest in identities of litigants in most cases, that interest is severely outweighed by Plaintiffs' fear of retaliation, humiliation or harm. The anxiety and stress of this situation is of such high severity. Accordingly, if Ron Doe's anonymity cannot be guaranteed, he may choose to forego his claim.

Thus, in accordance with Plaintiff's substantive rights pursuant to federal statutory law, as well as in congruence with Third Circuit case law, Plaintiff should be allowed to plead by way of pseudonym. For the same reason, the Verification should be filed under seal to protect the true identity of the party.

## **CONCLUSION**

For the foregoing reasons, Plaintiff should be able to rely upon the Complaint by pseudonym and the Verification should be permitted to be filed under seal to shield the identity of the victim in the public record. Plaintiff's safety, privacy, and well-being are of the utmost importance, and the relief south is both reasonable and necessary to ensure that this matter can proceed without placing Plaintiff in harm's way. Accordingly, Plaintiff prays that the Court grant the requested relief in the interest of justice and fairness.

        Respectfully submitted,

        **PATTI & PATTI, LLC.**
        Attorneys for Plaintiff


        By:   */s/ JEFFREY M. PATTI*

Dated: March 19, 2025